[Civ. No. 4117. First Appellate District, Division Two.—February 23, 1922.]

## SECURITY BANK AND TRUST COMPANY (a Corporation), Respondent, v. EDITH M. WILBUR, Appellant.

[1] APPEAL—ABSENCE OF BILL OF EXCEPTIONS—SERVICE OF PAPERS—RECITAL IN JUDGMENT—PRESUMPTION.—In the absence of a bill of exceptions, the recital in the judgment and decree that the plaintiff "duly served and filed its answer to the cross-complaint" of defendant is conclusive, on appeal, as showing that the services of the papers in the trial court was regular.

[2] PLEADING—NOTICE OF CHANGE OF ATTORNEY—SERVICE OF PAPERS. Where a person, after appearing in an action by an attorney, appears and files her answer and cross-complaint *in propria persona*, but she does not, in compliance with the provisions of sections 284 and 285 of the Code of Civil Procedure, serve and file notice of change of attorney, subsequent pleadings and notices are properly served upon the attorney who appeared for her.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edith M. Wilbur, *in pro. per.,* for Appellant.

McCutchen, Willard, Mannon & Greene and McCutchen, Olney, Willard, Mannon & Greene for Respondent.

STURTEVANT, J.—The plaintiff sued the defendant in an action to quiet title; the plaintiff had judgment; the de-

fendant moved the lower court to vacate the judgment and the lower court denied the motion. The defendant appealed from the judgment in chief and from the order refusing to vacate.

The appellant has filed a transcript which contains a copy of the judgment-roll, and has inserted in the judgment-roll some papers which the statute does not authorize to be included therein, and has printed in the transcript some other papers not authorized to be printed therein; but she has not brought up a bill of exceptions. The appellant makes but one point, and that is, that the trial court did not have jurisdiction of the defendant and cross-complainant at the time it ordered judgment in favor of plaintiff. In support of this point she calls to our attention the fact that the defendant's answer, and also the cross-complaint, are signed Edith M. Wilbur *in propria persona.* At this point it should be stated that there is nothing in the judgment-roll showing that the answer to the cross-complaint was not served on Edith M. Wilbur *in propria persona.* [1] On the other hand, the judgment and decree recite that the plaintiff "duly served and filed its answer to the cross-complaint." In the absence of a bill of exceptions, the foregoing recital contained in the judgment-roll is conclusive as showing that the service of the papers in the trial court was regular.

[2] Assuming that this court has any right to examine the rest of the papers contained in the transcript, it appears that the defendant was in default and that her default had been duly entered. Thereupon H. M. Anthony, Esq., applied to the attorneys for the plaintiff and obtained the consent of such attorneys that the default be, and thereafter the same was, set aside. In the absence of anything in the record to the contrary, we must assume that Mr. Anthony had been substituted as attorney in the place of Edith M. Wilbur *in propria persona,* otherwise he would have had no right to act for her. There is no showing made that after Mr. Anthony had been made an attorney of record that he was supplanted by any other person duly substituted in his stead.

Still assuming that we have any right to examine papers not a part of the judgment-roll, it appears that on the second day of March, 1921, the answer to the

cross-complaint was duly served on Mr. Anthony, and that on March 10, 1921, a notice of the date of trial was duly served on Mr. Anthony, that thereafter on March 11th Mr. Anthony sent to Edith M. Wilbur all of the papers, thus giving her five days' notice of the date of the trial. In fairness to all concerned, it may be stated that Edith M. Wilbur was not at her place of residence, and therefore did not receive the above-mentioned papers until the twenty-third day of March, 1921. In short, there is nothing in the record showing that the appellant ever complied with the provisions of *sections 284 and 285* of the Code of Civil Procedure. She failed to follow the methods, provided by statute, by which each party, in legal effect, serves notice on his adversary who is the attorney duly authorized to receive and accept service. Errors and omissions, if any, were the errors and omissions of the appellant and not of the respondent.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.